**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LINDA KOTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-1664 SRW |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Linda Kotz's Petition for Award of Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 31. On December 1, 2021, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. ECF No. 30. Plaintiff now seeks attorney's fees in the amount of Five Thousand Nine Hundred and Fifty-Six Dollars and Ninety-Five Cents ($5,956.95). This amount is based on multiplying 27.05 hours of attorney time by a rate of $220.22 per hour. Plaintiff requests compensation at the statutory hourly rate plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d), for a total hourly fee of $220.22. Plaintiff requests the award of attorney's fees to be made payable to her attorney, Kristen N. Van Fossan, based upon the assignment and fee agreement signed by Plaintiff. *See* ECF No. 32-3.

The Commissioner filed a response which states he has no objection to Plaintiff's request for attorney's fees under the EAJA in the amount of $5,956.95 to be paid by the Social Security Administration. ECF No. 33. However, the Commissioner asserts "the EAJA fee is payable to

Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States." *Id*.

The Court has reviewed Plaintiff's application for an award of attorney's fees pursuant to the EAJA and concludes the statutory requirements are met. By Order of Remand dated December 1, 2021, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 30. A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). The hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 32-2. The Court agrees with Plaintiff that a cost-of-living increase is appropriate as requested.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds she is entitled to attorney's fees in the amount of $5,956.95. Despite Plaintiff's request for the Court to make the fee payable directly to Plaintiff's attorney, as an assignee, the

Court must instead make the fee payable to Plaintiff as the litigant. *See Astrite v. Ratliff*, 560 U.S. 586, 593 (2010) (holding EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff."); *Madison v. Astrue*, No. 4:11-CV-238 TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney's fees directly to the plaintiff despite the execution of an assignment agreement) (citing *Sumpter v. Astrue*, No. 2:10-CV-35 AGF, 2012 WL 88088, at *1 (E.D. Mo. Jan. 11, 2012)). The Court will direct the award to be mailed to Ms. Van Fossan's law office in St. Louis, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Linda Kotz's Petition for Award of Attorney's Fees pursuant to the Equal Access to Justice Act [ECF No. 31] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access Justice Act in the amount of Five Thousand Nine Hundred and Fifty-Six Dollars and Ninety-Five Cents ($5,956.95).

**IT IS FINALLY ORDERED** that said award shall be made payable to Plaintiff Linda Kotz, subject to any pre-existing debt that the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel, Kristen N. Van Fossan, at Dennis W. Fox and Associates, 211 N. Broadway, Suite 2400, St. Louis, Missouri 63102.

So Ordered this 8th day of March, 2022.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE